FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 MAR -4 P 2: 23

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

FIRST BAPTIST CHURCH OF          :
GLENARDEN                        :
3600 Brightseat Road             :
Glenarden, MD 20785              :
                                 :
      Plaintiff,                :
                                 :
vs.                              :          Miscellaneous Matter No._____
                                 :
NEW MARKET METALCRAFT, INC. :
9633 S Congress St.              :
New Market, VA 22844             :
                                 :
a Virginia corporation,          :
                                 :
      Defendant.                :
_____ :

AW10CV 543

## MOTION TO CONFIRM ARBITRATION AWARD
## AND FOR ENTRY OF FINAL JUDGMENT

    Plaintiff, First Baptist Church of Glenarden ("the Church") sues Defendant, New Market

Metalcraft, Inc., a Virginia corporation ("NMMC"), and states as follows:

### JURISDICTION AND VENUE

    1.    This is an action to confirm an Arbitration Award and for entry of Final Judgment

based on the award, pursuant to 9 U.S.C.§9.

    2.    This Court's jurisdiction is based on diversity, pursuant to 28 U.S.C. 1332.

    3.    The amount in controversy exceeds $75,000.00, exclusive of interest, attorney's

fees and costs.

4.     The Church is a Maryland Corporation with its principal place of business in Glenarden, Maryland.

5.     NMMC is a Virginia corporation, with its principal place of business in New Market, Virginia.

6.     NMMC's resident agent for service of process is: The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, MD 21201

6.     The First Baptist Church of Glenarden is a 90 year old non-profit spiritual organization having some 7,000 active members among the Glenarden community of Prince George's County, Maryland.

7.     In 2000, the Church undertook a large project ("Project") to construct a new 4,000 seat place of worship, spanning over 200,000 square feet, in the Upper Marlboro area of Maryland.

8.     On or about May 28, 2004, the Church contracted with Plaintiff New Market Metal Craft, Inc. to perform particular miscellaneous metals work in connection with the Project for a sum of $867,530 ("Contract").  A copy of the Contract is attached hereto as Exhibit "A."

9.     During the course of the Project, the Church became concerned with the excessive delays and low quality workmanship provided by Plaintiff under the Contract.

10.     As a result of Plaintiff's failure to adequately perform in accordance with the Contract, the Church was forced to default terminate NMMC.  As a result, the Church suffered damages arising from the default and termination of NMMC.

11.     After the contractually required mediation failed, the Church filed an Arbitration

Demand against NMMC on May 18, 2009.   Thereafter, NMMC answered the Church's

Arbitration Demand, asserting Counterclaims against the Church.

12.     The Contract provides in pertinent part, that:

> 20.2    Governing Law, Conflict Resolution, Venue, and
> Jurisdiction.   The laws of the State of Maryland shall
> govern the interpretation, construction, and enforcement of
> this Agreement, the Contract Documents, and all
> transactions and agreements contemplated hereby,
> notwithstanding any state's choice of law rules to the
> contrary.   All parties recognize that conflicts or disputes
> may occasionally arise.   If any dispute cannot be resolved
> in private meetings, the parties agree, as an alternative to
> litigation, to enter mediation and, if mediation is
> unsuccessful, legally binding arbitration in accordance with
> the rules of the American Arbitration Association,
> Construction Industry Arbitration Rules.   Any demand for
> arbitration shall be filed by serving such demand on the
> parties listed in Article 18 above, and shall not be filed with
> the American Arbitration Association.   The parties agree to
> select an arbitrator by mutual agreement, however, should
> the parties be unable to agree on an arbitrator, then each
> party shall select one neutral third party, who will choose
> the arbitrator for the parties.   ***The parties agree that any
> arbitration award may be entered in any court having
> jurisdiction over the subject matter or parties.***   The parties
> understand that these methods shall be the sole remedy for
> any controversy or claim arising out of this Agreement or
> the subject matter hereof, and expressly waive their right to
> file a lawsuit or claim against one another for such
> disputes, except to enforce an arbitration decision.   This
> provision shall survive termination of this Agreement.   In
> the event that litigation arises notwithstanding the binding
> arbitration provision in this Agreement, litigation may be
> maintained only in the United States District Court for the
> District of Maryland (or any successor jurisdiction) located
> in Greenbelt, Maryland, or in a Maryland state court in
> Prince George's County, and each party hereby irrevocably
> consents and submits to the jurisdiction and venue of that
> United States District Court or state court and irrevocably

> waives any objection the party may have based upon improper venue, forum non conveniens, or other similar doctrines or rules.  If any provision of this Agreement is determined to be invalid, void, unenforceable, or inoperative by any tribunal or officer having jurisdiction hereof, or by operation of applicable law, the remaining provisions of this Agreement shall not be affected and shall continue in effect and the invalid provision shall be deemed modified to the least degree necessary to remedy such invalidity. (Emphasis added).

13.    Pursuant to Article 20.2 of the Contract, the parties agreed and a single arbitrator was appointed.

14.    Thereafter, from September 28, 2009 through December 8, 2009, on approximately twenty one (21) separate days, the matter was arbitrated before the arbitrator at his offices in Columbia, Maryland.

15.    The arbitrator declared the hearings closed as of January 5, 2010.

16.    On February 1, 2010, the arbitrator timely issued his Award, awarding the Church approximately $130,000.00.  A copy of the Arbitration Award is attached hereto as Exhibit "B."

17.    More than 30 days have passed since the arbitrator made his award and NMMC has not paid any of the awarded damages to the Church

18.    Pursuant to 9 U.S.C. § 9, the Church requests that this Court confirm the Arbitration Award entered by the arbitrator and enter Final Judgment against NMMC.

**WHEREFORE**, Plaintiff, the First Baptist Church of Glenarden, respectfully requests that this Court confirm the Arbitration Award and enter Final Judgment against Defendant, New Market Metalcraft, Inc., including awarding the Church's attorney's fees and costs of having to file this petition, as well as grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

DUANE MORRIS LLP.
Attorneys for Plaintiff
Suite 1000
505 9th Street N.W.
Washington, DC 20004
(202) 776-7859
Fax: (202) 478-2860

By:_____
      TAMARA M. MCNULTY
      Maryland Federal Bar No. 14777

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Motion to Confirm Arbitration Award and Enter Final Judgment was sent certified mail, postage prepaid, this 4th day of March, 2010 to:

Michael Melkersen, Esq.
Melkerson Law, P.C.
9633 S. Congress Street
New Market, VA 22844
Counsel for New Market Metalcraft, Inc.

The Corporation Trust, Inc.
351 West Camden Street
Baltimore, MD 21201
Registered Agents for New Market Metalcraft, Inc.

Tamara M. McNulty