IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| THE FIRST BAPTIST CHURCH OF GLENARDEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-10-00543 |
| NEW MARKET METALCRAFT, INC., | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

The First Baptist Church of Glenarden ("Plaintiff") brings this action pursuant to 9 U.S.C. § 9 to confirm an Arbitration Award against Defendant New Market Metalcraft, Inc. ("NMMC" or "Defendant"). Pending before the Court is Plaintiff's Motion to Confirm Arbitration Award and for Entry of Final Judgment. (Doc. No. 1.) The Court has reviewed the entire record and held a telephonic hearing on this matter. For the reasons set forth below, the Court GRANTS Plaintiff's Motion to Confirm Arbitration Award and for Entry of Final Judgment.

**I.      FACTUAL & PROCEDURAL BACKGROUND**

On May 28, 2004, Plaintiff, a Maryland corporation, entered into a contract with NMMC, a Virginia corporation, to perform particular metals work for Plaintiff's project to construct a new place of worship in Upper Marlboro, Maryland. After disputes arose between the parties regarding the contract, which was for a sum of $867,530, Plaintiff terminated the contract on April 17, 2006, due to Defendant's default. After the contractually-required mediation failed, Plaintiff filed an Arbitration Demand against NMMC on or around May 18, 2009. The parties'

1

contract, provided as part of the parties' briefs, stated that the parties agreed to submit to legally binding arbitration in accordance with the rules of the American Arbitration Association, Construction Industry Arbitration Rules. After the Arbitrator conducted hearings from September 28 to December 8, 2009, the Arbitrator entered an award of $130,518 to Plaintiff on February 1, 2010.

Pursuant to 9 U.S.C. § 9, Plaintiff moved to Confirm Arbitration Award and for Entry of Final Judgment on March 4, 2010, after NMMC failed to pay the awarded damages to Plaintiff within 30 days. NMMC's primary argument in opposition to the motion[1] was that Plaintiff's original claims were barred by the three-year statute of limitations under Maryland law, and thus the Arbitrator did not have jurisdiction to decide the matter.[2] On July 28, 2010, the Court held a telephonic hearing on the Motion to Confirm Arbitration Award.

## II.     STANDARD OF REVIEW

Confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court. *See Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). "Review of an arbitrator's award is severely circumscribed. Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all." *Apex Plumbing Supply v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). If there is a valid contract between the parties providing for arbitration and the dispute resolved in the

---

[1] Although Defendant's response was titled "Answer and Affirmative Defenses," the Court will treat it as an opposition to Plaintiff's Motion to Confirm instead, because, as Plaintiff noted, an Answer would not be an appropriate response to a Motion to Confirm.

[2] Defendant also argued that Plaintiff's proper name is "The First Baptist Church of Glenarden," not "First Baptist Church of Glenarden," which is the name that Defendant alleges was included in ¶ 4 and 6 of Plaintiff's motion. After reviewing Plaintiff's motion (Doc. No. 1), Plaintiff's name was not incorrectly listed in those paragraphs. Even if it were incorrectly listed, the Court rejects Defendant's contention that a failure to include "The" before Plaintiff's full name somehow results in Plaintiff not being "the proper party" to this action. (Doc. No. 4 at ¶ 2 & 8.) There is no confusion as to who Plaintiff really is.

arbitration was within the scope of the arbitration clause, then the court's review is limited to those grounds set forth in § 10 of the Federal Arbitration Act. 9 U.S.C. § 10(a). That section allows for vacating an award (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or misconduct on the part of the arbitrator; or (3) where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award was not made. An arbitration award may also be vacated "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy." § 10(a)(1)-(4).

In addition, a court may overturn a legal interpretation of an arbitration panel if "it is in manifest disregard for the law." *See, e.g.*, *Apex Plumbing Supply*, 142 F.3d at 193 ("Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of the law"). Courts have interpreted a manifest disregard of the law to mean that the arbitrator correctly stated and "appreciate[d] the existence of a clearly governing legal principle, but decide[d] to ignore or pay no attention to it." *Carte Blanche (Sing.) Pte., Ltd. v. Carte Blanche Intern., Ltd.*, 888 F.2d 260, 265 (2nd Cir. 1989). Mere misinterpretation of a contract or an error of law does not suffice to overturn an award. *See Upshur Coals Corp. v. United Mine Workers of Am.*, 933 F.2d 225, 229 (4th Cir. 1991).

## III.   ANALYSIS

### A.   Written Motions

NMMC argued in its Opposition to Plaintiff's Motion to Confirm that the Court should not confirm the Arbitrator's award due to the alleged running of the statute of limitations for Plaintiff's claim prior to the start of the arbitration process, which NMMC believes "deprived the Arbitrator of jurisdiction" over Plaintiff's claim. (Doc. No. 4 at ¶ 7.) NMMC contended that it

raised the statute of limitations issue at the outset of the arbitration proceedings, but that the Arbitrator proceeded anyway. (Doc. No. 4 at ¶ 9.) Plaintiff asserted in its response that the Arbitrator "considered NMMC's motions concerning the effect of [the] parties['] tolling agreement and the running of the limitations period and ultimately ruled against NMMC on these issues." (Doc. No. 6.)

According to the Fourth Circuit, "[d]efenses of laches, mere delay, statute of limitations, and untimeliness constitute a broad category of waiver defenses that may be raised to defeat compelled arbitration." The court noted, however, that these defenses are "a matter of 'procedural arbitrability' solely for the arbitrator's decision," which the court may not revisit. *Glass v. Kidder Peabody & Co.*, 114 F.3d 446, 455-56 (4th Cir. 1997) (quoting *Operating Eng'rs v. Flair Builders, Inc.*, 406 U.S. 487 (1972)).[3] *See also O'Neel v. Nat'l Assoc. of Sec. Dealers, Inc.*, 667 F.2d 804, 807 (9th Cir. 1982) (renouncing the contention that the defense of the statute of limitations goes to jurisdiction of the tribunal, whether it be judicial or arbitration).[4]

Based on the reasons provided above, the Court does not find it appropriate to review the Arbitrator's decision regarding the statute of limitations issue. If the Court were to review the decision, however, the only ground for refusing to confirm the Arbitrator's award that could apply to this case is that the Arbitrator's decision on the statute of limitations issue was "in manifest disregard for the law." *See* § 10(a)(1)-(4); *Apex Plumbing Supply*, 142 F.3d at 193. In *Choice Hotels Intern., Inc. v. Felizardo*, 278 F. Supp. 2d 590 (D. Md. 2003), the plaintiff argued that because the Maryland statute of limitations barred any civil claim not brought within three

---

[3] The Second Circuit affirmed in *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir. 1991), that "'any limitations defense—whether stemming from the arbitration agreement, arbitration association rule, or state statute—is an issue to be addressed by the arbitrators.'" *See Glass*, 114 F.3d at 455 (quoting *Shearson* and noting that the decisions of the Second Circuit are preeminent in arbitration law).

[4] While the procedural background in the cases above are different from this one (*Glass* involved a Motion to Compel Arbitration and *O'Neel* involved a Motion for Summary Judgment), this Court believes that those courts set forth a general rule that the statute of limitations issue is for the arbitrator to decide.

years, the arbitrator acted in manifest disregard of the law by allowing the defendants' counterclaim to go forward. The court decided that because the arbitrator did not discuss the statute of limitations issue in the text of the award, it is "therefore impossible for the court to conclude that the arbitrator understood and correctly stated the law, but disregarded it anyway."[5] *Id.* at 596. Since it could not be shown that the arbitrator chose not to apply the law, the court refused to vacate the arbitrator's award. *Id.* at 596-97.

Similarly, to the extent that NMMC is asserting that the Arbitrator exhibited a manifest disregard for the law by refusing to apply the statute of limitations to Plaintiff's original claim, it is unclear how the Arbitrator applied the statute of limitations argument to the facts of this case, as the issue was not mentioned in the Award. Regardless of the lack of clarity surrounding the Arbitrator's reasoning on the issue, there is no evidence that the Arbitrator's decision exhibited a conscious and deliberate decision to ignore the applicable law. Even if the Court were to find that the Arbitrator misapplied or misinterpreted the law on the statute of limitations, the Court must confirm the award unless NMMC can show that the Arbitrator knowingly disregarded the law as he understood it, which NMMC has not convinced the Court of. *See Upshur*, 933 F.2d at 229.

**B.    Hearing**

The Court conducted a telephonic hearing on July 28, 2010, to provide the parties with an opportunity to summarize their arguments in favor of and/or in opposition to the Motion to Confirm Arbitration Award. During the hearing, Defendant re-raised its statute of limitations argument as well as several new claims and defenses not in the record. For example, Defendant

---

[5] The court in *Choice Hotels Intern., Inc.* noted that the Sixth Circuit observed that "'[a]rbitrators are not required to explain their decisions. If they choose not to do so, it is all but impossible to determine whether they acted with manifest disregard for the law.'" 278 F. Supp. 2d at 596 (citing *Dawahare v. Spencer,* 210 F.3d 666, 669 (6th Cir. 2000)).

5

alleged that the Arbitration Award was procured by fraud, that the Arbitrator was biased in favor of Plaintiff, and that the Arbitrator exceeded the scope of his authority/jurisdiction. Defendant also attempted to reargue issues concerning the merits of the original dispute between the parties. These new self-serving and bald allegations have no evidentiary support in the record and thus will not be considered. In addition, Defendant failed to provide any support for its statute of limitations argument during the hearing. Finally, Defendant orally moved for an evidentiary hearing on the claims and defenses it orally alleged, which the Court denied. Accordingly, the Court finds no basis to deny Plaintiff's Motion to Confirm Arbitration Award.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Confirm Arbitration Award and for Entry of Final Judgment. A separate Order shall follow.

| | |
|---|---|
| July 30, 2010 | /s/ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |